# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY MCVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 18-cv-4136-HLT-TJJ |
| | ) |
| COMMERCE BANK, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**I.  Background**

On December 10, 2018, District Judge Holly L. Teeter referred Defendants' Motion to Dismiss (ECF No. 3), filed by Defendants Commerce Bank, Tracy Adams, and Nakea Moses, to the undersigned Magistrate Judge for a report and recommendation. After reviewing the motion and the supporting brief,[1] the Court recommends that the district judge grant the motion.

---

[1] Plaintiff has not responded to Defendants' motion to dismiss before or since the response deadline of December 17, 2018.

Consistent with the standard for ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true the factual allegations contained in Plaintiff's complaint and this summary treats them as such. Plaintiff filed this action against Commerce Bank; Tracy Adams, a Commerce Bank corporate investigations employee; and Nakea Moses, a personal banker also employed by Commerce Bank. Plaintiff's factual allegations of his claim are as follows: "Commerce Bank has lied and harassed me based on disabilities[.] [T]hey have slandered my name[.] They continue to lie."[2] Asserting the basis for federal court jurisdiction is a federal question of disability discrimination, slander, and character defamation,[3] Plaintiff seeks damages in the amount of $350,000,000,000.00 and "policy change."[4]

Defendants jointly responded to Plaintiffs' complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting the complaint fails to state a claim upon which relief can be granted.

**II.   Standard**

A complaint must provide "(1) a short and plain statement of the grounds for the court's jurisdiction. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. . . ."[5] In response, a defendant may move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[2] Complaint (ECF No. 1) at 4.

[3] *Id.* at 2.

[4] *Id.* at 4.

[5] Fed.R. Civ. P. 8(a).

To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and contain "enough facts to state a claim to relief that is plausible on its face."[6] A complaint attacked by a motion to dismiss does not require detailed factual allegations, nor must plaintiff "set forth a prima facie case for each element" to successfully plead a claim.[7] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but does require more than "a sheer possibility."[8] A plaintiff must offer specific factual allegations to support each claim; "mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice."[9]

Because Plaintiff proceeds pro se, his pleadings are liberally construed.[10] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[11]

### III. Analysis

Defendants move to dismiss Plaintiff's complaint on the basis that it does not satisfy the pleading standard set forth above. Defendants contend Plaintiff's complaint does not plead the

---

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[7] *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Id.*

elements of a cause of action for disability discrimination or defamation.  With respect to disability discrimination, Defendants assert Plaintiff does not allege facts sufficient to state a plausible claim under Title I of the Americans with Disabilities Act "(ADA"), which prohibits discrimination in employment on the basis of disability.  Plaintiff does not allege he was employed by Commerce Bank.  Defendants further argue that the complaint fails to allege specific facts sufficient to support a claim under Title III of the ADA, which prohibits discrimination on the basis of disability in public accommodations.  Finally, Defendants argued that Plaintiff does not allege facts with respect to any of the elements of defamation, which include false and defamatory words, communicated to a third person, resulting in harm to Plaintiff's reputation.[12]

The Court agrees that Plaintiff's complaint fails to state a claim upon which relief can be granted.  He presents no factual allegations that raise a right to relief above the speculative level, whether for disability discrimination or defamation.  Accordingly, the Court recommends Defendants' motion be granted.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED THAT** Defendants' Motion to Dismiss (ECF No. 3), filed by Defendants Commerce Bank, Tracy Adams, and Nakea Moses be GRANTED, and that Plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted.

---

[12] *Dominguez v. Davidson*, 974 P.2d 112, 117 (Kan. 1999) (citations omitted).

Dated this 14th day of January, 2018, in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

5